## BIJUR v. BENDIX.

(Court of Appeals of District of Columbia.    Submitted November 14, 1922.
Decided January 2, 1923.)

### No. 1511.

1. Patents ⬅91(4)—Evidence held to show that junior party was entitled to priority.

Evidence in an interference proceeding *held* to show that junior party was entitled to priority on an invention relating to an anti-creeper part to an engine-starting device.

2. Perjury ⬅3—Where witness answered incorrectly, and immediately corrected himself, no basis for perjury.

Where witness answered a question on cross-examination, incorrectly, and then rectified it almost immediately, saying that he had misunderstood the question, there was no basis on which to predicate perjury.

3. Evidence ⬅588—Unless record shows incredibility, credence must be given to testimony.

No court is at liberty to refuse credence to the testimony of a witness, unless there is something in the record on which to rest such refusal.

4. Patents ⬅91(4)—Evidence held not to show that invention was concealed from public.

Evidence *held* not to show that junior party deliberately concealed from the public knowledge of his invention relating to an anti-creeper part to an engine-starting. device.

Appeal from the Commissioner of Patents.

Interference proceeding between Joseph Bijur and Vincent Bendix. From a decision awarding priority of invention to the latter, the former appeals.    Affirmed.

See, also, Halbleib v. Bendix, 50 App. D. C. 247, 270 Fed. 683.

A. G. Davis, of New York City, and Fairfax Bayard, of Schenectady, N. Y., for appellant.

Samuel E. Hibben, of Chicago, Ill., and W. B. Kerkam, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice.    This is an interference proceeding in which the three tribunals of the Patent Office concurred in awarding priority to Bendix on all the appealed claims.    The invention relates to 'the addition of a retaining or anti-creeper member, as a spring, to the structure of the engine-starting device, known as the Bendix-Eclipse drive.    There are six claims, all of which were taken from the Bendix application.    Claim 1 is as follows:

In a device of the character described, the combination of a rotatable member, a driving member mounted thereon for rotary movement therewith and longitudinal movement thereof, and means mounted on such rotatable member and acting on said driving member to prevent creeping movement of the latter.

Bendix filed his application October 12, 1916, and Bijur his on February 18, same year.    Therefore the former is the junior party.    Bijur

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

took no testimony, hence he was confined to his filing date so far as claims 4, 5 and 6 were concerned; but as to claims 1, 2, and 3 he asserted that he was entitled to March 13, 1912, for reduction to practice, because on that date he filed an application for a patent, which was subsequently issued to him, and which, according to him, disclosed the claims last mentioned. The three tribunals held against him, and he does not contend in this court that they were wrong in that respect.

[1] Bendix took testimony which, according to two of the tribunals, established a reduction to practice of his invention as early as December 31, 1914. The Commissioner agreed with them, except as to claims 5 and 6, which he gave to Bijur. From this award no appeal was taken. So we are confined to a determination as to whether or not Bendix is entitled to December, 1914; Bijur being limited to February 18, 1916.

Bijur concedes, and the record unquestionably establishes, that six witnesses, in addition to Bendix, testified to the actual reduction to practice of the Bendix invention in December, 1914; but he urges with a great deal of earnestness that Bendix and four others deliberately perjured themselves, and that in addition two witnesses were probably misled by others, but, if they were not, "then they were, of course, perjurers like the others." In other words, his case depends upon a ruling that at least five, and probably seven, witnesses deliberately misstated the facts.

[2] Three of the five witnesses, who testified positively to the reduction to practice in December, 1914, were absolutely disinterested. One of the witnesses is assailed because he made an incorrect answer to a question on cross-examination, although he rectified it almost immediately, saying that he had misunderstood the first question. This is too flimsy a base on which to predicate so serious a charge as that of perjury.

[3] Bendix appears to have been somewhat confused in his testimony; but if we put it aside, and consider only the testimony of the others, there is ample support for the holding that he reduced to practice in December, 1914. Surely the fact that Bendix made a mistake is no warrant for saying that the others were deliberately untruthful. It is said that, because certain exhibits were not in existence at the time witnesses say the actual reduction to practice took place, the witnesses are not to be believed; but the nonexistence of these exhibits is explained. It is clearly shown that there is no inconsistency between their nonexistence and the reduction to practice as testified to. A careful scrutiny of the record satisfies us that there is no basis whatever for rejecting the testimony of Bendix's witnesses. No court is at liberty to refuse credence to the testimony of witnesses unless there is something in the record upon which to rest the refusal. Elwood v. Western Union Telegraph Co., 45 N. Y. 549, 6 Am. Rep. 140; In re Miller, 49 Or. 452, 90 Pac. 1002, 124 Am. St. Rep. 1051, 14 Ann. Cas. 277; Browning v. Johnson, 50 App. D. C. 335, 337, 271 Fed. 1017. We must conclude, therefore, that the Commissioner of Patents was right in awarding priority to Bendix.

[4] It is asserted in behalf of Bijur that Bendix concealed the in-

vention, and that he would not have revealed it, if it was not for the fact that the Heinze Company, a customer of the Eclipse Company, the licensee of Bendix, early in the summer of 1916, had asked the latter company to furnish it with an anti-creeper device for its starting motors used on Ford cars. We find no proof that the invention was concealed. It appears that the drifting troubles which the invention was intended to remedy were not considered serious enough to put the additional parts constituting the invention on the standard Bendix drive, unless specially demanded, on account of unusual conditions either of installation or of operation. The Eclipse Company stood ready at all times to supply the demand, and when the demand came in 1916, at the time the Heinze Company asked for the anti-creeper devices, one form of the spring was used, and in June and July following a device embracing the invention here involved was made and sold to the extent of 5,000. While Bijur filed his application prior to this, he did not give his invention to the public before, and therefore he is not damaged.

The decision of this court in Mason v. Hepburn, 13 App. D. C. 86, and in Appeal of Mower, 15 App. D. C. 144, 151, furnishes no authority for the contention of Bijur. In the first case it was held that where a subsequent inventor has diligently pursued his labors to the procurement of a patent in good faith, and without any knowledge of the preceding discoveries of another, he is entitled to priority as against the other who has deliberately concealed the knowledge of his invention from the public. Here Bijur did not obtain a patent, and certainly the evidence would not sustain a conclusion that Bendix had deliberately concealed the knowledge of his invention from the public. The Moyer Case is to the same effect. In it the first inventor was stirred to activity by the knowledge of his rival's successful exploitation of the invention. There is no such exploitation in this case.

In Lederer v. Walker, 39 App. D. C. 122, 126, it was said that—

"The right of the first inventor, who has actually reduced to practice, has always been respected where there is no doubt of actual reduction to practice, and consideration has always been given to the circumstances excusing the delay."

Mr. Justice Morris, in Oliver v. Felbel, 20 App. D. C. 255, 262, speaking for the court, held that—

"When reduction to practice has been satisfactorily shown, and there is no unreasonable or unexplained delay, there is no law that would bar the first or original inventor of his right."

For the foregoing reasons, the decision of the Commissioner of Patents must be, and it is, affirmed.

Affirmed.